UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ERIC EDBROOK and
MELANIE EDBROOK                                                                  PLAINTIFFS


v.                                                                CIVIL ACTION NO. 3:10-cv-297-CRS


OHIO CASUALTY INSURANCE CO.                                                       DEFENDANT


**MEMORANDUM OPINION**


This matter is before the court on motion of the defendant, Ohio Casualty Insurance Co. ("Defendant") for summary judgment (DN 15) on all claims by the plaintiffs, Eric Edbrook and Melanie Edbrook (collectively, "Plaintiffs").  Plaintiffs allege that Defendant breached its contract with Plaintiffs, violated the Kentucky Unfair Claims Settlement Act, and acted in bad faith.  *See* Notice of Removal, Attachment 1, Plaintiffs' Complaint (DN 1). Defendant moves for summary judgment on all claims, asserting that its insurance policy contract with Plaintiffs included an enforceable provision limiting the time that Plaintiffs could bring an action against it.  Defendant argues this action was brought outside that period, entitling Defendant to judgment as a matter of law.  For the reasons set forth below, we agree.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976).  Not every factual dispute between the parties will prevent summary judgment.  The disputed facts must be material.  They must be facts which, under the

substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-28, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986); *First Nat'l. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Id*. at 587; *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979).

This action arose out of water damage to Plaintiffs' home which occurred on January 1, 2008. Subsequently, Plaintiffs submitted a claim under their homeowner's insurance policy with their insurer, Defendant. Defendant made payments to Plaintiff under the policy, but on January 13, 2009, requested more information from Plaintiffs to settle their claim. Defendant contacted Plaintiffs on several occasions, but Plaintiffs did not provide the necessary information. On June 30, 2009, Defendant sent a letter to Plaintiffs stating if Plaintiffs did not send the necessary information within two weeks, Defendant would presume Plaintiffs did not wish to further pursue their claim. Nine months later, Plaintiffs filed this action on April 7, 2010.

Defendant alleges that Plaintiffs' action is barred due to an enforceable provision in the parties' insurance policy contract limiting the time in which actions can be brought against Defendant. The limitations provision states,

> Suit Against Us: No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

*See* Defendant's Motion for Summary Judgment, Exhibit I, Policy No. FHW09517040 Contract. Defendants argue that Plaintiffs' loss occurred, January 1, 2008 and that the action commenced April 7, 2010 is not within the two years required by the limitations provision of the parties' contract.

If the provision is enforceable under Kentucky law, a plain application of this limitations provision indicates that Defendants' motion should be granted. Similar limitations provisions in other insurance contracts have been upheld pursuant to the applicable Kentucky statute:

> No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of the state of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period of less than one (1) year from the time when the cause of action accrues.

KRS § 304.14-370; *see Webb v. Kentucky Farm Bur. Ins. Co.*, 577 S.W.2d 17, 19 (Ky. App. 1978) (holding a one-year limitations provision in an insurance contract enforceable under KRS § 304.14-370); *Hobbs v. American Sec. Ins. Co.*, 2009 WL 366325 (W.D. Ky. 2009) ("The limitations clause clearly states that 'no action shall be brought unless there has been compliance with the policy and provisions and the action is started within one year after the loss'... The limitations clause is unambiguous and remains otherwise enforceable under Kentucky law.").

In *Smith v. Allstate Insurance Company*, the United States Court of Appeals for the Sixth Circuit, applying Kentucky law, upheld the dismissal of an action commenced outside of a one-year limitations provision in an insurance contract between the parties. 403 F.3d 401, 404-06 (6th Cir. 2005). The provision prohibited any lawsuit against the insurer "unless there [had] been full compliance with all policy terms," and the suit was brought "within one year after the inception of loss or damage." *Id*. at 403. The court examined KRS § 304.14-370 and noted that "Kentucky courts have repeatedly enforced insurance contract provisions under which the time for suit began

to run before the insured had a right to sue." *Id*. at 405. Ultimately, the Court held that "the limitations provision requiring the [plaintiffs] to sue Allstate within one year of their loss, while prohibiting suit during a portion of that year" was enforceable under Kentucky law. *Id*.

In the present case, the limitations provision requires that Plaintiffs comply with all terms of the policy and bring any action within two years from the time of the loss. This limitations period is even longer than the provision that was upheld in *Smith*. *See id*. We conclude that the limitations provision included in the insurance policy contract between Plaintiffs and Defendant is enforceable pursuant to KRS § 304.14-370 and Kentucky case law.

Plaintiffs argue that the limitations period under the insurance contract should not accrue when the loss occurs, but instead at a later date, such as the time an insurer refuses to pay. However, "[t]his argument is not supported by Kentucky case law." *Smith*, 403 F.3d at 406 (citing *Ashland Finance Co v. Hartford Accident & Indemnity* Co., 474 S.W.2d 364, 365-66 (Ky. 1971) (giving effect to a one-year limitations period running from discovery of the insured's loss, even though the limitations provision also provided that suit could not be brought for at least three months following the loss); *Edmondson v. Pennsylvania National Mutual Casualty Insurance Co*., 781 S.W.2d 753, 756 (Ky. 1989) (holding that there was "no question ... as to the validity" of a limitations provision that required compliance with all policy terms before suit could be brought, but still requiring action to be commenced within one year from the loss); *Webb v. Farm Bureau Insurance Co.*, 577 S.W.2d 17, 18-19 (Ky. Ct. App. 1978); *Hale v. Blue Cross & Blue Shield of Ky.*, 862 S.W.2d 905 (Ky. App. 1993)). "Under Kentucky law, it appears, a cause of action for breach of an insurance contract may 'accrue,' in some sense, before the claimant is entitled to sue." *Id*. at 405.

Plaintiffs also argue that principles of waiver and estoppel preclude Defendant from asserting that Plaintiffs' claims are barred pursuant to the limitations provision in the insurance policy contract. The Kentucky Supreme Court discussed waiver and estoppel in *Edmondson*:

> Waiver is bottomed on a voluntary and intentional relinquishment of a known, existing right or power under the terms of an insurance contract... Estoppel gives no effect to a presumed intention... It offsets misleading conduct, acts, or representations which have induced a person entitled to rely thereon to change his position to his detriment.

*Edmondson*, 781 S.W.2d at 755 (internal quotation marks omitted). Neither theory operates to preclude Defendant's defense in this case.

In support of their waiver and estoppel arguments, Plaintiffs assert that Defendant communicated to Plaintiffs that their claim would be paid as soon as certain information was given to it, citing *Bates v. Grain Dealers National Mutual Fire Ins. Co.*, 283 S.W.2d 3, 5 (Ky. 1955) (finding "waiver" of a limitations defense where agents of the insurer told the insured that "the policies would be paid as soon as various questions of liability were determined"). However, no evidence was presented by Plaintiffs in support of this assertion. Defendant presented evidence showing that after initial payments were made, all of its correspondence requesting information from Plaintiffs stated that when it received the information, "a depreciation analysis could be completed and a balance due, *if any*, would be issued." *See* Defendant's Motion for Summary Judgment (DN 15) (emphasis added). Therefore, we conclude that principles of waiver or estoppel should not preclude Defendant from relying on its limitations provision. *See Smith*, 403 F.3d at 407 (finding similar waiver and estoppel arguments unpersuasive where there was no evidence presented of an express waiver and a continued investigation of the claim indicated it may not be paid).

An order consistent with this opinion will be entered this date.

December 7, 2011

- 5 -

Charles R. Simpson III, Judge
United States District Court